UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                   Case No. 20-cr-20038
                                                                  District Judge Paul D. Borman

JTWAN WHITEHEAD,

    Defendant.
_____/

**ORDER DENYING DEFENDANT JTWAN WHITEHEAD'S MOTION TO DISMISS INDICTMENT (ECF NO. 26)**

Defendant was indicted for possessing a firearm while under indictment in violation of 18 U.S.C. § 922(n). (ECF No. 26, Motion to Dismiss, PageID 105-106.) Defendant moves, pursuant to Fed. R. Crim. Proc. 12(b)(3)(B)(v), to dismiss the indictment for failure to state an offense--"because as a matter of law, Mr. Whitehead was not 'under indictment' on the dates alleged in the indictment." (*Id.* at PageID 106.) On October 13, 2020, the Government filed a Response in Opposition to Defendant's Motion. (ECF No. 27.) On October 23, 2020, Defendant filed a Reply. (ECF No. 28.)

The Court concludes that the matter has been comprehensively discussed in the briefs, and a hearing is not necessary. (Local Court Rule 7.1.)

Defendant asserts that on October 10, 2018, he entered a plea of guilty in the Wayne County, Michigan Circuit Court to one count of carrying a concealed

1

weapon, a felony offense punishable under Michigan law for up to five years in prison. On December 4, 2018 the state court sentenced Mr. Whitehead to a two-year term of probation under Michigan's Holmes Youthful Trainee Act (HYTA), Mich. Comp. Laws. Ann. § 762.11, which states in § 762.11(1), pertinent part: "The court of record having jurisdiction of the criminal offense may, *without entering a judgment of conviction* and with the consent of that individual, consider and assign that individual to the status of youthful trainee." (*Id*. at PageID 106-107.) (Emphasis added.)

Defendant contends that an individual assigned to HYTA status is subject to similar penalties as other persons convicted of similar crimes, including imprisonment, revocation of his youthful trainee status or extension of his probationary term. M.C.L.A. §§ 762.12 & 13. (*Id*. at PageID 107.)

Accordingly, Defendant contends that he was sentenced for his crime, and was no longer under indictment at the time of the instant violation. As authority for this interpretation of Michigan law, Defendant cites to a decision of the United States Court of Appeals for the Eighth Circuit, *United States v. Hill*, 210 F.3d 881 (8th Cir. 2000), interpreting Missouri state law. (*Id*. at PageID 114.) *Hill* stated: "Conviction is determined by the law of jurisdiction where proceedings were held;" (*Id*. at 883) "We cannot rewrite Missouri law and hold that Hill was 'under indictment' to save a prosecution under § 922(n)." (*Id*. at PageID 884.)

2

Defendant further contends that, under Michigan law, by entering his guilty plea, he "relieved the state prosecution of the ability to prosecute him again for the offense. Because the state sentencing court retained the ability to imprison him for any violation of his probationary status, Mr. Whitehead, on the date alleged in the indictment was no longer under indictment" and could not violate 18 U.S.C. § 922(n). (Defendant's Motion, ECF No. 26, PageID 108.)

Defendant contends that the state court Order of Conviction and Sentence (two years' probation--"was similar to that of any other adult with a similar negligible criminal history".) (*Id*. at PageID 115.) On May 17, 2019, Defendant's state probation officer filed a request for an arrest warrant, for *inter alia*, possessing a firearm. He pled guilty to violating his probation on June 12, 2019 and his state probation was continued. (*Id*. at PageID 116.)

Defendant concludes that at the time the Federal indictment alleges he committed the instant offense, he had already pled guilty to the felony offense in state court, and so the remaining issue is whether his being designated a youthful trainee under M.C.L.A. §§ 762.11-762.15, rendered him under indictment at the time he possessed the instant firearm. (*Id*. at PageID 117.)

The Court notes that Defendant cites to M.C.L.A. § 762.11. But that provision states, "without entering a judgment of conviction".

3

Defendant was sentenced in state court under HYTA on December 3, 2018. The instant Federal complaint alleges that Defendant possessed the assault rifle on December 15, 2018. (ECF No. 1, PageID 9.)

Both Defendant and the Government concede that no decision on this issue has been handed down by the United States Court of Appeals for the Sixth Circuit. Defense counsel notes that two district court opinions from the Eastern District of Michigan, discussed *infra*, have held that a HYTA youthful trainee designee in Michigan is "under indictment" for the purposes of 18 U.S.C. § 922(n). (*Id.* at PageID 124, n.2.)

The Government Response in opposition contends that the state HYTA "is a deferred judgment program during which the defendant accepts responsibility by pleading guilty, but without a formal adjudication of guilt--instead, the case remains unresolved with the original charging document still active until the Defendant completes the probationary period (at which time the judgment, either a conviction or dismissal is entered)." Whitehead was thus facing an active charge or under indictment for a felony offense at the time he acquired the rifle and stands charged "for receiving a firearm while under indictment in violation of 18 U.S.C. § 922(n)." (Government Response, ECF No. 27, PageID 134.)

The Government asserts that Defendant "relies on a single 20-year-old case from a different Circuit considering a different state's suspended-sentence

4

probation program…" (*Id*. at PageID 135.) The Government Response notes that "The two courts in this district that have considered the issue of whether a person HYTA probation is 'under indictment' within the meaning of 18 U.S.C. § 922(n) have found that such a person is under indictment": *United States v. Bryant*, Criminal Case No. 19-20134 (E.D. MI April 30, 2019). (ECF No. 27, PageID 140-143.) *United States v. Hawkins*, No. CR 19-20155-01, 2020 WL 206465 (E.D. MI January 14, 2020). (*Id*. at PageID 142.)

The Government Brief contends that while it is necessary for a defendant to admit guilt to the crime to enter the HYTA program, it is "not a formal adjudication of guilt, nor does it constitute a conviction--instead the charge remains pending and the actual judgment is deferred until the completion of the HYTA probation period. *See* MCL 762.11(1). HYTA acts as a grace period, and an offender who successfully completes HYTA probation will not be considered to have been convicted of a crime and will have their record closed to public inspection. *See* M.C.L. § 762.14." (*Id*. at PageID 140.)

Finally, the Government notes that "the Tenth and Fifth circuits have upheld similar prosecutions for defendants participating in deferred judgment programs, for purposes of upholding 18 U.S.C. § 922(n) prosecutions." (*Id*.) *United States v. Saiz*, 797 F.3d 853(10th Cir. 2015). *United States v. Valentine*, 401 F.3d 609 (5th Cir. 2005). (*Id*. at PageID 142.)

5

Defendant's Reply Brief states that he continues to rely upon the case of *United States v. Hill*, 210 F.3d 881 (8th Cir. 2000), and Fed. R. Crim. Proc. 12(b)(3)(B)(v). (*Id.* at iv.)

Defendant's Reply also discusses a Michigan Court of Appeals decision, *People v. Fonville*, 291 Mich. App. 363 (2011), that relies on Michigan Court Rules related to the general withdrawal of a guilty plea under M.C.R. 6.370(b). This Court notes that this provision does not apply to persons under HYTA, which Defendant acknowledges at PageID 117, because the HYTA provision has its own set of rules in M.C.L.A. § 762.11-§ 762.15.

Finally, the Court notes that Whitehead's state YTA case was not closed or dismissed at the time of the instant offense--he was still under YTA status, unlike the defendant in *Adams v. United States*, 622 F.3d 608 (6th Cir. 2010).

## DISCUSSION

This Court agrees with the two E.D. MI decisions' analyses of the state Holmes Youthful Trainee Act, that upheld Federal prosecutions under 18 U.S.C. § 922(n) of individuals with HYTA status.

District Judge Bernard Friedman ruled in *United States v. Bryant*, Criminal Case No. 19-20134, April 30, 2019:

> [U]nder the Holmes Youthful Trainee Act cases, the Defendant is still under indictment. The charges are still there should he or she violate it.

6

(Government Response, Appendix A-*U.S. v. Bryant* hearing transcript at p. 17 (ECF No. 27-1).

In *United States v. Hawkins*, 2020 WL 206465 (January 14, 2020), District Judge Linda Parker noted that as to whether the defendant was "under indictment when he received a firearm," this Court must look to Michigan law "noting that in *United States v. Hill*, *supra*, the Eighth Circuit applied Missouri law, and under Michigan law, after the defendant, between the ages of seventeen and 24 pleads guilty to a criminal offense" "a judgment of conviction is not entered. An assignment of an individual to the status of youthful trainee…is not a conviction for a crime…" M.C.L. § 762.14(2). *United States v. Hawkins*, at p. 3. Judge Parker's analysis noted that only: "If the status of youthful trainee is revoked an adjudication of guilt is imposed. M.C.L. § 762.12(3)."

## CONCLUSION

This Court concurs with the rulings of District Judges Friedman and Parker, and concludes that because Defendant Whitehead was on HYTA status at the time of the instant offense, he was under indictment, and a judgment of conviction had not been entered. This supports the Government's indictment of Defendant Whitehead in the instant case under 18 U.S.C. § 922(n).

Accordingly, the Court DENIES Defendant Jtwan Whitehead's Motion to Dismiss Indictment.

SO ORDERED.

DATED: November 4, 2020

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE